QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  Melissa J. Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

  David W. Quinto (Bar No. 106232)
  davidquinto@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Defendant Barnesandnoble.com LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Spring Design, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> Barnesandnoble.com LLC, <br><br> Defendant. | CASE NO. 5:09-cv-05185-JW <br><br> **DEFENDANT BARNESANDNOBLE.COM LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF SPRING DESIGN, INC.'S SECOND AMENDED COMPLAINT** <br><br> Trial Date: None set |

Defendant Barnesandnoble.com LLC ("BN"), by and through its undersigned counsel, answers the Second Amended Complaint of Plaintiff Spring Design, Inc. ("Spring") as follows:

**ANSWER**

1. BN lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Second Amended Complaint and on that basis denies those allegations.

2. BN admits the allegations in paragraph 2 of the Second Amended Complaint.

3. To the extent paragraph 3 of the Second Amended Complaint contains conclusions of law, no answer is required. To the extent paragraph 3 of the Second Amended Complaint contains factual allegations, BN denies those allegations.

4. To the extent paragraph 4 of the Second Amended Complaint contains conclusions of law, no answer is required. To the extent paragraph 4 of the Second Amended Complaint contains factual allegations, BN denies those allegations, except admits that BN has transacted business in this District.

5. To the extent paragraph 5 of the Second Amended Complaint contains conclusions of law, no answer is required. To the extent paragraph 5 of the Second Amended Complaint contains factual allegations, BN denies those allegations, except admits that Spring purports that venue is proper under the statutes cited.

6. To the extent paragraph 6 of the Second Amended Complaint contains conclusions of law, no answer is required. To the extent paragraph 6 of the Second Amended Complaint contains factual allegations, BN denies those allegations, except admits that Spring purports that assignment of this action is proper under Civil Local Rules 3-2(c) and 3-2(e).

7. BN lacks information or belief sufficient to admit or deny the allegations in paragraph 7 of the Second Amended Complaint and on that basis denies the allegations.

8. BN denies the allegations in paragraph 8 of the Second Amended Complaint, except states that BN lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first four sentences of paragraph 8 of the Second Amended Complaint and on that basis denies the allegations.

9. BN denies the allegations in paragraph 9 of the Second Amended Complaint, except admits that Spring and BN entered into a non-disclosure agreement.

10. BN denies the allegations in paragraph 10 of the Second Amended Complaint, except admits that Phil Baker attended a meeting with purported representatives of Spring.

11. BN denies the allegations in paragraph 11 of the Second Amended Complaint, except admits that Ravi Gopalakrishnan attended a meeting with purported representatives of Spring.

12. BN denies the allegations in paragraph 12 of the Second Amended Complaint, except admits that Scott Pendergrast participated in a conference call with purported representatives of Spring.

13. BN denies the allegations in paragraph 13 of the Second Amended Complaint, except admits that William Lynch and Kevin Frain attended a meeting with purported representatives of Spring on May 13, 2009.

14. BN denies the allegations in paragraph 14 of the Second Amended Complaint, except admits that Audrey Carney corresponded by email with Albert Teng.

15. BN denies the allegations in paragraph 15 of the Second Amended Complaint, except admits that BN made an announcement regarding nook™ on October 20, 2009.

16. BN denies the allegations in paragraph 16 of the Second Amended Complaint, except admits that William Lynch participated in a "media call" on October 21, 2009.

17. BN denies the allegations in paragraph 17 of the Second Amended Complaint.

18. BN denies the allegations in paragraph 18 of the Second Amended Complaint.

19. BN denies the allegations in paragraph 19 of the Second Amended Complaint.

20. BN repeats and re-alleges its responses to paragraphs 1 through 19 as if fully set forth herein.

21. BN denies the allegations in paragraph 21 of the Second Amended Complaint.

22. BN denies the allegations in paragraph 22 of the Second Amended Complaint.

23. BN repeats and re-alleges its responses to paragraphs 1 through 22 as if fully set forth herein.

| | | |
|---|---|---|
| 1 | 24. | BN denies the allegations in paragraph 24 of the Second Amended Complaint. |
| 2 | 25. | BN denies the allegations in paragraph 25 of the Second Amended Complaint. |
| 3 | 26. | BN denies the allegations in paragraph 26 of the Second Amended Complaint. |
| 4 | 27. | BN denies the allegations in paragraph 27 of the Second Amended Complaint. |
| 5 | 28. | BN denies the allegations in paragraph 28 of the Second Amended Complaint. |

29. BN repeats and re-alleges its responses to paragraphs 1 through 28 as if fully set forth herein.

30. BN denies the allegations in paragraph 30 of the Second Amended Complaint.

31. BN repeats and re-alleges its responses to paragraphs 1 through 30 as if fully set forth herein.

32. BN denies the allegations in paragraph 32 of the Second Amended Complaint.

33. BN denies the allegations in paragraph 33 of the Second Amended Complaint.

34. BN denies the allegations in paragraph 34 of the Second Amended Complaint.

35. BN denies the allegations in paragraph 35 of the Second Amended Complaint.

36. BN denies the allegations in paragraph 36 of the Second Amended Complaint.

37. BN denies the allegations in paragraph 37 of the Second Amended Complaint.

38. BN repeats and re-alleges its responses to paragraphs 1 through 37 as if fully set forth herein.

39. BN denies the allegations in paragraph 39 of the Second Amended Complaint.

40. BN denies that plaintiff is entitled to any of the relief requested in the section entitled "Prayer for Relief" on pages 10 to 11 of the Second Amended Complaint.

## **AFFIRMATIVE DEFENSES**

By alleging the affirmative defenses set forth below, BN does not agree or concede that it bears the burden of proof or the burden of persuasion on any of these issues, whether in whole or in part.

### FIRST AFFIRMATIVE DEFENSE

### (Failure To State a Claim)

Spring's Second Amended Complaint, and each cause of action within it, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

### (No Trade Secret)

Spring's Second Amended Complaint, and each cause of action within it, is barred, in whole or in part, because the information claimed by Spring to constitute trade secrets are not trade secrets for the following reasons: (i) the information has been publicly disseminated or is publicly available and therefore cannot qualify as a trade secret; (ii) Spring does not derive an independent economic value from the alleged trade secrets not being generally known to the public or to Spring's competitors, including BN; and/or (iii) Spring has failed to undertake reasonable efforts to maintain the secrecy of its alleged trade secrets.

### THIRD AFFIRMATIVE DEFENSE

### (Readily Ascertainable)

Spring's Second Amended Complaint, and each cause of action within it, is barred, in whole or in part, because the information claimed to be trade secret, confidential, or proprietary is readily ascertainable.

### FOURTH AFFIRMATIVE DEFENSE

### (Public Knowledge)

Spring's Second Amended Complaint, and each cause of action within it, is barred, in whole or in part, because the information claimed to be confidential or proprietary to Spring is public knowledge.

### FIFTH AFFIRMATIVE DEFENSE

### (Independent Development)

Spring's Second Amended Complaint, and each cause of action within it, is barred, in whole or in part, because BN independently conceived of and developed the information that Spring claims as trade secret, confidential, or proprietary.

### SIXTH AFFIRMATIVE DEFENSE

### (No Improper Means)

Spring's Second Amended Complaint, and each cause of action within it, is barred, in whole or in part, because BN did not obtain the information claimed to be trade secret, confidential, or proprietary by improper means.

### SEVENTH AFFIRMATIVE DEFENSE

### (Consent)

Spring's Second Amended Complaint, and each cause of action within it, is barred, in whole or in part, because Spring has expressly or implicitly consented to the conduct of BN that Spring now challenges.

### EIGHTH AFFIRMATIVE DEFENSE

### (Preemption)

Spring's Second Amended Complaint, and each cause of action within it, is preempted, in whole or in part, by the California Uniform Trade Secrets Act, Cal. Civ. Code § 3426 *et seq*.

### NINTH AFFIRMATIVE DEFENSE

### (Absence of Consumer Confusion)

Spring's Second Amended Complaint, and each cause of action within it, is barred, in whole or in part, due to the absence of actual or likely consumer confusion regarding the nature, origin, source, sponsorship, or affiliation of BN's nook™ and Spring's Alex™.

### TENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

Spring lacks standing to assert unfair competition claims in the absence of any harm to Spring or to assert unfair competition claims based on alleged harm to third parties.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Fair Competition)

Spring's Second Amended Complaint, each cause of action within it, and the relief sought is barred, in whole or in part, because BN's actions constitute fair competition.

### TWELFTH AFFIRMATIVE DEFENSE

### (No Deceptive or Unfair Trade Practices)

Spring's Second Amended Complaint, and each cause of action within it, is barred, in whole or in part, because BN has not engaged in any wrongful conduct that may be considered an unlawful, unfair or deceptive business practice under California Business and Professions Code §§ 17200 *et seq.*

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

Spring's Second Amended Complaint, and each cause of action within it, is barred, in whole or in part, because BN at all times acted in good faith.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Privilege)

Spring's Second Amended Complaint, and each cause of action within it, is barred, in whole or in part, because BN is privileged to engage in the conduct alleged in the Second Amended Complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Intervening and Superceding Causes)

The acts of persons or entities other than BN constitute intervening and superceding causes of any alleged harm suffered by Spring.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Bad Faith)

Spring's recovery, if any, should be reduced or diminished to the extent its damages were caused by its own comparative bad faith.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Adequacy of Remedy at Law)

Spring's request for injunctive relief is barred, in whole or in part, because Spring has an adequate remedy at law.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Spring's Second Amended Complaint, and each cause of action within it, is barred, in whole or in part, by its failure to mitigate damages.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(No Harm)**

Spring's Second Amended Complaint, and each cause of action within it, is barred, in whole or in part, because Spring has suffered no harm and/or damages.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Waiver)**

Spring's Second Amended Complaint, and each cause of action within it, is barred, in whole or in part, by the doctrine of waiver.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Estoppel)**

Spring's Second Amended Complaint, and each cause of action within it, is barred, in whole or in part, by the doctrine of estoppel.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Spring's Second Amended Complaint, and each cause of action within it, is barred, in whole or in part, by the doctrine of unclean hands.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(No Attorney's Fees)**

Spring's demand for attorney's fees and costs is barred for failure to state facts sufficient to entitle it to attorney's fees and costs.

BN has not completed its investigation and discovery regarding the facts and claims asserted by Spring. Accordingly, BN reserves the right to assert such additional affirmative defenses as necessary based on such ongoing investigation and discovery.

**Prayer For Relief**

WHEREFORE, BN prays for judgment as follows:

1. That Spring take nothing by way of the Second Amended Complaint, and that the Second Amended Complaint be dismissed with prejudice;

2. That judgment be entered in favor of BN and against Spring;

3. For attorneys' fees and costs pursuant to California Civil Code Section 3426.4 and any other applicable statute, law, or rule;

4. For such other and further relief as the Court may deem just and proper.

DATED: April 22, 2010          QUINN EMANUEL URQUHART &
                               SULLIVAN, LLP

                               By  /s/ Melissa J. Baily
                                  Melissa J. Baily
                                  Attorneys for Defendant Barnesandnoble.com LLC